WILLIAM LINDSEY *v.* TOWN OF DANVILLE.

*Estoppel.   Damages.   Evidence.   Pleading.*

Husband and wife having recovered final judgment in a joint action against defendant town, for personal injuries to the wife, occasioned by reason of the insufficiency of a highway in said town, the defendant is estopped, in an action by the husband to recover damages for the loss of the wife's service, and for the expense of medical attendance, to deny facts put in issue and found against it in the former action.

The ground of recovery is loss of service, and if the jury think that the sum paid for necessary labor substituted for the ordinary service of the wife, with interest thereon, is the measure of a just compensation for the loss of the wife's service, they are at liberty to find damages to that amount ; and a charge to that effect is no error. Whether interest, *eo nomine,* is recoverable in an action of tort or not, a jury may consider *time,* in fixing upon reasonable damages.

Evidence offered by the plaintiff to fix such sum, may be properly admitted ; and evidence sought to be introduced by the defendant, tending to show that the wife was in ill health at some uncertain time prior to said injury, may be properly excluded.

It was alleged in the declaration, that the plaintiff had been "put to great trouble and expense in endeavoring to cure his said wife and child,—in procuring medical attendance," &c. *Held,* that the value of the plaintiff's services in attending upon his wife, rendered necessary by the injury, were within the scope of the declaration.

CASE- for the loss of service of plaintiff's wife and expense of medical attendance upon her, consequent upon an alleged injury

occasioned by reason of the insufficiency of a highway in the defendant town. Plea, the general issue, and trial by jury, December term, 1872, Ross, J., presiding.

On trial the plaintiff read in evidence a certified copy of the record in the case of this plaintiff and his wife against this defendant, tried at the December term of said court, 1871, and from inspection of said copy, it appeared that the plaintiff and his wife had recovered judgment against the town for the damage sustained by the wife by reason of said injury. No evidence of the injury, or of the liability of the town therefor, was introduced, except such as said copy afforded. The court ruled that the judgment in the former suit, was conclusive of the defendant's liability in this case; to which the defendant excepted. The plaintiff, having given evidence tending to show that before the alleged injury, his wife had been able to do all the housework for his family, and to care for his dairy, and that this work had been about as much and as hard to perform after the injury as it was before, was allowed to give evidence tending to show that by reason of the alleged injury, he was compelled to hire, and did hire, his sister immediately after the injury, to do the said work, and that he paid her therefor; that he was also compelled to hire another woman to do occasional washing; that for like reason he was obliged to hire his wife's mother for a year, that he paid her $104, and that her board during that time was worth three dollars per week; and that after his wife's mother had completed her service, he was also, for like reasons, obliged to employ, at various times, two of his wife's sisters, to aid in the housework, for which he gave them their board and clothing. The plaintiff was also allowed to show the amount and value to him of the time he lost from his usual employment at the time of his wife's injury. To the admission of all this evidence, the defendant excepted. The defendant offered a witness to show that the plaintiff's wife told the witness, sometime prior to the injury,—but at what time was not stated,—that she had for years suffered, and at the time of the conversation was suffering, in consequence of a female weakness. To this evidence the plaintiff objected, and it was excluded; to which the defendant excepted. The court told the jury, in re-

gard to damages, that they were to ascertain by the evidence what part of the wife's services the plaintiff had lost by reason of the injury, and what that part was worth ; that the plaintiff was entitled to recover a sum equal to such value ; and that, to determine the amount, they might consider what the plaintiff had been obliged to pay for help to do the housework for his family since said injury, as shown by the evidence, and that so much of the same as he had reasonably paid out to make good the loss of the services of his wife occasioned by said injury, he would be entitled to recover, with interest on the same, from the time he was so obliged to pay, till the time of trial.   To this part of the charge, the defendant excepted.   Verdict for the plaintiff.

*A. M. Dickey*, for the defendant.

It was error for the county court to hold that the judgment in the suit of *William Lindsey & wife* v. *Danville*, was conclusive evidence of the plaintiff's right to recover in this action.   The plaintiff's evidence of the amount paid for hired help, and of the cost of the board of the same, which was introduced to show the value of the wife's services, or of that portion of her services lost to the plaintiff by reason of the injury, tended to mislead the jury, and should have been excluded.   The question was, how much of the wife's services did the plaintiff lose by the injury ; and he should have proved what her services would have been worth if she had not been injured, and how much less they were worth in consequence of the injury.   1 Stark Ev. 395.   The evidence of the admissions of the plaintiff's wife in regard to the state of her health before the injury, which was offered by the defendant, ought to have been received, for she was the meritorious cause of the suit, and her admissions were evidence against the plaintiff. The court told the jury that the plaintiff would be entitled to recover what he had been obliged to pay for help, &c., to make good the loss of the wife's services, with interest on the same.   They should have been directed to find the value of the services lost to the plaintiff ; and interest should not have been allowed on sums paid out by plaintiff for hired help.   Sedgw. Dam. 92, 559.   The plaintiff could not, under his declaration, recover for his loss of time occasioned by the injury.

*O. S.* and *C. C. Burke*, for the plaintiff.

The judgment in the suit of Lindsey and wife against Danville, was conclusive evidence of the manner in which plaintiff's wife was injured, and of the liability of the defendant for the injury. *Town* v. *Lamphere*, 34 Vt. 365; *Church* v. *Chapin*, 35 Vt. 223; *Spencer et al.* v. *Dearth*, 43 Vt. 98. The court will ascertain the real parties, and give effect to the former suit accordingly. *Spencer et al.* v. *Dearth, supra;* 1 Phil. Ev. 306. Evidence of the amount paid by the plaintiff for help hired during his wife's disability to perform household duties which prior to that time had been performed by her, was properly admitted; and the charge to the jury, that plaintiff was entitled to recover what he had lost, was correct. The evidence of the wife's admissions, which was offered by the defendant, was properly excluded, for the time when the admissions were made does not appear. The wife was not a party to the suit, nor could she be a witness in it; for the wife's declarations cannot bind the husband. *Gilson, adm'r.* v. *Gilson*, 16 Vt. 464. The declaration states that the plaintiff was " put to great trouble and expense in endeavoring to cure his said wife and child—in procuring medical attendance upon them," &c. Under this declaration, the plaintiff's evidence of the value of the time he lost on the occurrence of the injury, was clearly admissible, and the defendant's objection thereto is wholly untenable. The expense to the plaintiff by reason of the loss of time, is stated in the declaration with sufficient certainty, to be recovered as special damages. But, as it was a case of bodily injury, attendance upon the wife was so necessary that the plaintiff might recover for time lost, under a declaration for general damages. *Folsom* v. *Underhill*, 36 Vt. 580.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff and wife, in a joint action, had recovered final judgment against the defendant town, for personal injury to the wife, by reason of the insufficiency of the highway which it was incumbent on the defendant to keep in repair. This suit is brought to recover damages that accrued to the husband by reason of the same occurrence. The same facts must be proved in

this case, as in the former, to warrant a recovery by this plaintiff. The sufficiency of the highway, the care and prudence of the plaintiff's wife in the management of the team, the condition and safety of the wagon and tackle, are in issue in this case precisely as in that. The defendant has had full opportunity to adduce evidence, and cross-examine the plaintiff's witnesses, upon these issues, which have been adjudicated. Is the defendant concluded, as to these issues, by the former judgment ? The identity of the issues and subject-matter in the two suits, is not questioned. Nor is it denied that facts once judicially determined between the same parties, are concluded. In the language of Lord ELLENBOROUGH, in the leading case of *Outram* v. *Morewood et ux.* 3 East, 346, " The estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them." In that case, the defendant's wife, Ellen, had been sued for digging coals in the plaintiff's mine ; the wife had justified her acts, under a claim of right in the coal mine, which had been determined against her. She afterwards intermarried with the defendant Morewood, and continued to dig and remove the coal from plaintiff's mine ; and the plaintiff brought a second suit against husband and wife, who attempted to set up the same right and title, as in the former suit, and the court held that both defendants were estopped. The case was elaborately argued by ERSKINE on the one side, and by Gibbs on the other, and the chief justice brought to his service his great learning and judicial vigor, in a thorough analysis of all the authorities on the subject of estoppel, and seems to have had no doubt, that if the wife was estopped by the former judgment against her, the husband would be estopped also.

The case of *Incledon et als.* v. *Burgess*, reported in 1 Show. 27, was an action of trespass for breaking a close. Plea, a prescriptive right of common of turbary, &c. ; replication, traversing such prescription. Rejoinder, by way of estoppel, was, that in such a term, one of the plaintiffs brought an action of trespass against the defendant, wherein he pleaded the same prescription, and issue

tried upon it, and found for the defendant. The question was made in argument, that the estoppel should not prevail, because another plaintiff was joined in the former suit. Lord HOLT, who gave the opinion of the court, is reported to have said: "An estoppel upon a verdict goes a great way; but if one man is estopped, and he joins another with him, whether this shall avoid the estoppel, is a quere." But his lordship gave no opinion upon the estoppel; but disposed of the case upon a defect in the declaration. The averment in the declaration was, "*contra pacem domini regis;*" and the court held that the averment should have been "against the peace of *both kings;*" it being in the reign of William and Mary. Lord ELLENBOROUGH reviews the authorities cited by Lord HOLT, and somewhat criticises his disposition of the case on such technicality, and avoiding the merits of the plea. He evidently thought the estoppel should have prevailed. In *Outram v. Morewood*, the court say: "If the wife were bound by this finding, as an estoppel, and precluded from averring the contrary of what was then found, the husband, in respect of his privity, either in estate or in law, would be equally bound." 2 Smith Lead. Cas. 662, 822. *Hawkins* v. *Lambert*, 18 B. Mon. 99. But in this case the husband and wife had impleaded the defendant in a joint action, and recovered. Had the defendant town recovered final judgment in the first suit, against both plaintiff and his wife, and then the plaintiff should have instituted this suit, and sought to try precisely the same issues in which he had been once cast, would the defendant have deemed it a duty to marshall the same evidence in defence, and try again the same issues that had been once finally determined? If the husband would be concluded by an adjudication against the wife, in which he had no part, *a fortiori* he would be concluded by a judgment to which he was party, and had full opportunity to adduce evidence, and cross-examine the witnesses of his adversary. In the case of *Spencer et al.* v. *Dearth*, 43 Vt. 98, the court held that an award between the payee and surety of a note, in which the note was adjudged to be paid, was conclusive in a suit between the payee and the principal in the note; though it was conceded that, had the judgment been the other way, the principal would not have

been  concluded.   Ordinarily, estoppel must  be  mutual, and conclude  both  parties, and that case  was held  an  exception.   But  in this case there is no want of  mutuality, and both parties would  be alike concluded.   We find no error in this branch of this case.

II.   The  court allowed  the plaintiff  to prove, against defendant's objection,  what he  had  paid out  for  hired  help  during the  wife's disability, being  that class of  work  performed by  the wife  in her ordinary state of  health.   The court told  the  jury  that the  plaintiff would  be  " entitled  to  recover  for the  loss of the services  of the wife,  *only* so much  as the evidence  established he  had  lost by reason of  the injury ;"  and that  this  evidence  was to be  considered in that connection, and as " one method by which they  could arrive  at his loss"  by reason  of  the disability of the wife.  The charge was in  substance, that the ground of recovery was loss  of  service, and if  the  jury  thought that what was  paid  for necessary  labor, substituted  for the  ordinary  service  of  the wife, with  interest, was a  just rule of  compensation for the  loss of the wife's  services, they were  at liberty to adopt it.   Whether  interest, *eo  nomine*, is recoverable in an  action of  tort, this  case does  not require us to determine.   That a jury  may take time into consideration in fixing  upon reasonable damages  as compensation  for injuries  received, there  seems  no doubt.   We  find  no error  in the  admission of  the evidence, or  in rejecting the evidence  as to the  admissions of  the wife.   And we think the  whole charge, taken  together, was not calculated to mislead  the  jury as to the  rule  of  damages.

III.   The defendant  claims that, under  this  declaration, the  plaintiff  was not entitled to  recover  for the  loss of his  own time  in ministering to his wife.   The declaration alleges that, " he has  been  put  to  great trouble  and expense  in  endeavoring  to  cure  his said wife and child,—in procuring  medical attendance, &c., to  wit,  the sum  of  two hundred dollars."   We think that  the value  of plaintiff's services in attending upon his wife, rendered necessary  by the injury, comes  within the scope  of  the declaration.

The  judgment of  the county  court is affirmed.