## D. L. FULLER *v*. CITY OF MONTPELIER.

October Term, 1900.

Present: TAFT, C. J., MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 9, 1901.

*Taxation—Construction of Statutes—Retroactive legislation and pending suits—Acts 1898 No. 305—V. S. 28—*No. 305 Acts of 1898, which purports to legalize a quadrennial appraisal, grand lists based thereon and taxes assessed on such lists, indicates no intention inconsistent with V. S. 28, and so must be construed in conformity therewith. The act did not, therefore, affect a pending suit to recover taxes paid under protest.

ASSUMPSIT for money paid under protest for taxes in 1897 and in 1898. Pleas, the general issue with notice, and the Statute of Limitations. Trial by jury, Washington County, March Term, 1900, *Tyler,* J., presiding. A verdict was directed for the defendant and judgment was rendered thereon. The plaintiff excepted.

The plaintiff paid to the Treasurer of the defendant town, under protest, his taxes for the years 1897 and 1898 amounting to the sum of $270.72. The quadrennial appraisal of real estate for the City of Montpelier for the year 1894 was sworn to before a notary public and was not verified by oath before a justice of the peace. The grand lists of 1897 and 1898 were based upon such appraisal.

*T. J. Deavitt* and *Edward Deavitt* for the plaintiff.

*Frederick P. Carleton* for the defendant.

MUNSON, J. The plaintiff seeks to recover taxes paid under protest. The defendant contests the claim upon the strength of No. 305, Acts of 1898, which purports to legalize its quadrennial appraisal of 1894, the grand lists based upon such appraisal, and the taxes assessed thereon. V. S. 28 pro-

vides, with certain exceptions not material here, that no act of the general assembly shall affect a suit begun or pending at the time of its passage.   The act of 1898 must be construed in conformity with V. S. 28, for it contains nothing that indicates an intention to give it an effect inconsistent with that provision. This suit is not affected by the act, for it was pending when the act was passed.   This renders a consideration of the other questions presented unnecessary.

*Judgment reversed and judgment for the plaintiff for the amount paid and interest.*