CARMELLA AGOSTA v. GRANITE CITY REAL ESTATE CO., INC.

(80 A2d 534)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*Finn & Monti* for the defendant.

*Robert H. Ryan* for the plaintiff.

CLEARY, J. This is an action of tort for negligence. The defendant filed a demurrer to the plaintiff's complaint. Upon hearing the demurrer was overruled, the defendant was allowed exceptions, and the cause passed to this Court before final judgment under and by virtue of V. S. 47, § 2124.

The complaint alleges that the plaintiff entered a building owned by the defendant at 11 o'clock P. M. on July 3, 1948, to visit a person who had an apartment on the second floor in the building and, at the time she entered the apartment building, the hallways, stairs, and porch were fully lighted; unknown to the plaintiff, the lights were controlled by an automatic switch under the control of the defendant, which automatic switch turned the lights off at 1 o'clock A. M.; the plaintiff left the apartment at 1:30 o'clock A. M. on July 4, 1948, and found the hallways, stairways and porch to be in complete darkness, the lights having been turned off by the automatic switch under the control of the defendant; the plaintiff necessarily had to return to her home and had no alternative but to proceed along the darkened hallways and stairways; as a result of the turning off of the lights and the consequent darkened hallways and stairways the plaintiff fell down the stairs of the flight leading to the second floor and was carried by the force of her fall across the porch in the front of the house and down the porch stairs; the plaintiff at all times material was in the exercise of due care, and as a result of the fall the plaintiff was severely injured.

The grounds of the demurrer are that the complaint shows no duty owed the plaintiff by the defendant, fails to show any lack of duty to the plaintiff, fails to state any facts which constitute negligence of the defendant, conclusively shows that the plaintiff assumed the risk of injury and was guilty of contributory negligence.

Our law is well settled that before liability attaches for negligence a duty must arise on the part of the party charged toward the party injured. *Coburn* v. *Village of Swanton,* 94 Vt 168, 170, 109 A 854; *Terrill* v. *Spaulding,* 115 Vt 342, 346, 61 A2d 611; *Trudo* v. *Lazarus,* 116 Vt 221, 223, 73 A2d 306.

The defendant's brief concedes that a specific allegation of a legal duty need not be made. *Brothers' Admr.* v. *Rutland R. R. Co.,* 71 Vt 48, 50, 42 A 980. It is sufficient that the facts alleged show such a duty. It is elementary that the facts from which the duty arises must be alleged so the court may see that the duty exists. *Kennedy* v. *Morgan,* 57 Vt 46, 48. But the duty inferable therefrom

is a conclusion of law and need not be alleged. *Dent, Admr.* v. *Bellows Falls, Saxton R. Ry.,* 95 Vt 523, 534, 116 A 83.

■ If the manner in which the stairways and hallways were constructed and maintained required that they be lighted in order to be reasonably safe for those rightfully using them then it was the duty of the defendant to so light them. *Wool* v. *Larner,* 112 Vt 431, 437, 26 A2d 89. The complaint in the present case contains no such allegation. The general rule is that in the absence of a statute or a contractual obligation, a landlord has no duty to light common hallways and stairways. 52 CJS p. 33 ; 32 Am Jur p. 576 ; 25 ALR 1312 ; *Hawes* v. *Chase,* 84 NH 170, 147 A 748 ; *Lengas* v. *Resnick,* 87 NH 161, 175 A 824 ; *Carey* v. *Klein,* 259 Mass-90, 92, 155 NE 868 ; *Sodekson* v. *Lynch,* 298 Mass 72, 9 NE2d 372 ; *Rietzel* v. *Cary,* 66 RI 418, 19 A2d 760, 762. We have no such statute and the complaint does not allege any contractual obligation. The only duty which, by implication, could be said to be charged to the defendant under the complaint, is that of keeping and maintaining a light in the common hallways and stairways at the time of the plaintiff's alleged fall. But, at the most, the facts alleged show that the defendant assumed the duty of lighting the hallways and stairways only until 1 :00 A. M. and that the injury complained of occurred at 1 :30 A. M. We have no case in point but for cases from other jurisdictions where the plaintiff claimed the defendant had assumed a similar duty but the court held otherwise, or that the complaint failed to sufficiently allege that fact, see *Rietzel* v. *Cary, supra; Norman* v. *Shulman,* 150 Fla 142, 7 S2d 98 ; *Knight* v. *Fourth Buckingham Community,* 179 Va 13, 18 SE2d 264, 266 ; *Bishop* v. *Scharbauer,* Tex Civ App, 122 SW2d 351, 354.

■■ Our Practice Act, V. S. 47, § 1613, requires only that a complaint shall set forth in brief and simple language the facts relied upon and the relief demanded. But it does not relieve the pleader from stating a cause of action. *Lacroix* v. *Eaton,* 99 Vt 262, 265, 133 A 745. A declaration for personal injuries caused by negligence, to meet the test of a demurrer, must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of injury, which the defendant failed to perform or fulfill, and that the injury was caused by such failure. *Coburn* v. *Village of Swanton,* 94 Vt 168, 170, 109 A 854. The complaint in the present case fails to show a duty owed the plaintiff at the time and place of the injury and the demurrer must be sustained.

■■ The defendant contends that the complaint conclusively shows that the plaintiff assumed the risk of injury. In order to say as matter of law that the plaintiff assumed the risk the danger must have been so obvious that the plaintiff must be taken to have known and comprehended it and to have voluntarily assumed it. *Mangan, Admx.* v. *Smith,* 115 Vt 250, 252, 56 A2d 476. Where no contractual relationship existed between the parties the doctrine of assumption of risk is applicable only where the injured party knew and appreciated the danger and of his own free will put himself in the way of it, *Butterfield Est.* v. *Comm. L & P Co.,* 115 Vt 23, 27, 49 A2d 415; to state it in another way, that he knowingly and willingly encountered the danger. *Bouchard* v. *Sicard,* 113 Vt 429, 432, 35 A2d 439. The complaint alleges that the plaintiff necessarily had to return home and had no alternative but to proceed. So it cannot be said as matter of law that she willingly and voluntarily assumed the risk.

■ The final ground of the demurrer is that the complaint shows that the plaintiff was guilty of contributory negligence. The complaint specifically alleges that at all times material the plaintiff was in the exercise of due care and prudence. Such an averment or its equivalent is essential to a declaration based on the common law in this state, where freedom from contributory negligence is a substantive element in the plaintiff's right of action, and to show which she has the burden. *Carpenter* v. *Central Vt. Ry. Co.,* 93 Vt 357, 365, 107 A 569. But the plaintiff need not allege the facts that constituted due care and caution on her part. *Brothers' Admr.* v. *Rutland R. R. Co.,* 71 Vt 48, 50, 42 A 980; *Bennett* v. *Robertson,* 107 Vt 202, 215, 177 A 625, 98 ALR 152. See also *Benedict* v. *Union Agricultural Society,* 74 Vt 91, 103, 52 A 110. Nor is direct and affirmative evidence of due care required. It is enough to carry the question to the jury to give evidence of such facts and circumstances as warrant an inference of due care on the part of the plaintiff. *Huestis* v. *Lapham Estate,* 113 Vt 191, 195, 32 A2d 115. So, considering all the allegations in the complaint, it cannot be said that it shows conclusively that the plaintiff was guilty of contributory negligence as a matter of law.

■ The case was passed here before final judgment under V. S. 47, § 2124. The order overruling the demurrer must be reversed but in order that an injustice may not be done and that the plaintiff may amend her complaint if the facts warrant the cause will

be remanded for further proceedings. *Vilas* v. *Seith,* 108 Vt 18, 23, 183 A 854; *Brighton* v. *Charleston,* 114 Vt 316, 333, 44 A2d 628; *Olcott* v. *Southworth,* 115 Vt 421, 426, 63 A2d 189.

*The order overruling the defendant's demurrer is reversed and the cause remanded with leave to the plaintiff to apply for permission to amend her complaint, such application to be made within thirty days after remand. If application is not so made, judgment is to be entered for the defendant to recover its costs.*