Harold Baldwin, Sr.
Beatrice Baldwin

v.

State of Vermont and
Vermont Railways, Inc.

[215 A.2d 492]

October Term, 1965

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, J.J.

Opinion Filed December 7, 1965

*Ehrich & Mollica* for plaintiff.

*John A. Calhoun* for defendant Vermont Railways.

*Ryan, Smith & Carbine* for defendant State of Vermont.

**Holden, C. J.** The plaintiffs are husband and wife. The husband, Harold Baldwin, Sr., sues to recover for personal injuries sustained when the motor truck he was operating was struck by a railway locomotive, operated by the defendants, at a highway crossing. His complaint sets forth various duties owing from the defendants failure to use reasonable care for his safety and others in approaching grade crossing where the accident occurred. He complains that the defendants disregarded their several duties to him in approaching the crossing at an excessive speed and without proper warning to motorists using the crossing and especially to this plaintiff. There are other allegations that the defendants failed to maintain the railroad crossing in a safe

condition for the protection of persons using the highway and especially the plaintiff who was unable to extricate himself and his vehicle from the crossing.

There is no allegation that Mrs. Baldwin was with her husband at the time of the accident. The standing of the plaintiff, Beatrice Baldwin, is based entirely on her claim that she is the wife of her co-plaintiff and that, as a result of the negligence of the defendants, she has been deprived of the consortium of her husband, the plaintiff, Harold Baldwin, Sr., to her damage in the amount of $25,000. The trial court dismissed the complaint of Mrs. Baldwin on motion of the defendants. On application of the plaintiffs the cause was passed to this Court to review that ruling before judgment, as provided in 12 V.S.A. § 2386.

The elements which constitute the wife's claim for loss of consortium are not specified in the complaint. The plaintiff's brief, however, makes it clear that the wife does not seek compensation for loss of her husband's support for she recognizes that her husband's loss of earning power is an element of recovery in his action. The definition relied upon by the plaintiff is that of her husband's affection, the conjugal society, aid and cooperation in every conjugal relation, as the term is defined in *Woodhouse* v. *Woodhouse* 99 Vt., 91, 113, 130 Atl. 758.

There is no dispute that at common law a married woman had no right of action to sue for the loss of consortium of her husband. Since the Married Women's Act the wife can maintain an action for alienation of affections. Independent of property considerations, a remedy was afforded directly to the injured wife on the theory that the enticement or corruption of the minds and affections of one's consort is a civil wrong for which the offender is liable to the injured husband or wife. *Knapp* v. *Wing*, 72 Vt. 334, 338, 47 Atl. 1075.

In alienation cases loss of consortium on the part of the injured spouse is the gist and essence of the wrong. The wrong is intentional and the element of punishment is involved. *Shedrick* v. *Lathrop*, 106 Vt. 311, 317, 172 Atl. 630; *Jenness* v. *Simpson*, 84 Vt. 127, 141, 78 Atl. 886.

In this jurisdiction the wife's remedy for disruption of the marriage relationship has been restricted to wrongs directly inflicted upon the marital obligation. Other wrongful acts which have indirectly accomplished this result, although done intentionally against the hus-

band, were held not actionable at the suit of the wife. *Nieburg* v. *Cohen*, 88 Vt. 281, 289, 92 Atl. 214.

Recognizing this restriction, the plaintiffs candidly call upon this Court to overrule the prevailing law as a proper exercise of the judicial function. It is said this is an essential step to keep the law apace with current mores and changing values. We are referred to several recent decisions in a minority of jurisdictions where the judicial process has been thus applied. *Dini* v. *Naiditch*, 20 Ill. 2d 406, 891; *Montgomery* v. *Stephan*, 359 Mich. 33, 101 N. W. 2d 227, 232; *Hitaffer* v. *Argonnie Co.*, 183 F 2d 811, 815, 23 A.L.R. 2d 1366, 1375.

It does not aid the question to analogize the present action with actions for alienation of affections. The historical origins and purposes of the remedies are entirely different. 1 Street, Foundations of Legal Liability, Chapter VI, p. 71, Chapter XVIII, p. 263.

■ In negligence the first observation is that "it figures almost exclusively in wrongs wherein the harm element manifests itself in physical hurt to the body or in forceful damage to property." Ibid at p. 71. In consequence, the law allows recovery where the wrongdoer owed an antecedent duty to use care with respect to the safety of the person or property of the victim seeking recovery. *Fitzsimmons* v. *Joslin*, 21 Vt. 129, 140; *Jackson* v. *Burlington Railroad Co.*, 25 Vt. 150, 156; *Coburn* v. *Village of Swanton*, 94 Vt. 168, 170, 109 Atl. 854; *Terrill* v. *Spaulding*, 115 Vt. 342, 346, 61 A.2d 611; *Agosta* v. *Granite City Realty Co., Inc.*, 116 Vt. 526, 528, 80 A.2d 534; *Woodruff Motors* v. *Commercial Credit Corp.*, 123 Vt. 404, 406, 190 A.2d 705.

In essence, this requirement is an acceptance of the classic statement in *Heaven* v. *Pender*, 11 Q.B.D. 503 (1883) : "that actionable negligence consists of the neglect of the use of ordinary care or skill towards a person to whom the defendant owes a duty of observing ordinary care or skill by which neglect the plaintiff without contributory negligence on his part, has suffered injury to his person or property."

■ Mrs. Baldwin's action must stand, if it will, on a breach of a duty owing to her alone. A right to a recovery negligence does not accrue to a plaintiff derivatively. Nor is it available to a "vicarious beneficiary — to vindicate an interest invaded in the person of another." *Palsgraf* v. *Long Island Co.*, 248 N.Y. 339, 162 N.E. 99, 101; Seavey, Mr. Justice Cardozo and the Law of Torts, 52 Harv. L. Rev. 372. To the same effect is *Nieburg* v. *Cohen*, supra, 88 Vt. at 289, as to intentional wrongs.

Turning to the complaint before us, it alleges only a duty owing from the defendants to use reasonable care for the safety of the plaintiff, Harold Baldwin, Sr., to warn him and other motorists using the grade crossing. By the same token, no violation of duty to Mrs. Baldwin is expressed, only a breach of duty toward the husband is alleged.

The complaint also fails to allege any facts to establish how the wife's interest in the marriage has been invaded. It is not an inevitable legal consequence that bodily injury to the husband will deprive the wife of her husband's marital assistance, companionship and affection.

We recognize that our common law has afforded the husband a remedy for the loss of his wife's services and medical and other expenses resulting from her injury inflicted by the negligence of another. *Gilman* v. *Gilman,* 115 Vt. 49, 51, 51 A.2d 46; *Lindsey* v. *Danville,* 46 Vt. 144, 150. These actions were grounded on loss of services and expenses incurred for medical care and assistance. We are not aware of any instance in this jurisdiction where the husband has been allowed a recovery separate and apart from these elements of damage.

The argument advanced in the cases upon which the plaintiffs rely to the effect that since the husband has a right of action, a wife should have equivalent recovery is not persuasive. Justice Schaefer's cogent dissent in *Dini* v. *Naiditch,* supra, 170 N.E. at 894, reminds us that it is no more than an historical accident that the husband's common law action survived the enactment of the Married Women's Act. Survival has been by acquiescence and not because it has withstood critical analysis. In opposing the majority's departure from the comon law rule to give the wife an independent action for loss of consortium, his opinion voices strong considerations against such recovery.

"Subject to legislative action, it is the function of a common-law court, in a case like this, to fix the boundaries within which an injury to one person gives another a right to recover damages. Each man's life is linked to the lives of many others, and an injury to one inevitably has its impact upon the lives of others. So far as I am aware, however, it has never been suggested that everyone who is adversely affected by an injury inflicted upon another should be allowed to recover his damages. It may be possible to argue that the relationship of husband and wife has distinctive characteristics that would justify a recovery which is denied to those who stand in other relationships to the injured person. But no such argument is advanced in the majority opinion, and it is hard to see why, for example, the wife of an injured

man should be allowed a recovery that is denied to his children. If the boundaries of permissible recovery are to be extended, they should be extended upon a realistic appraisal of the factors involved, and not to achieve consistency with an outworn common-law cause of action." *Dini* v. *Naiditch,* supra, 170 N.E. 2d at 894. See also, Salmond, The Law of Torts, §181 p. 647 et seq. (13th Ed.)

We hold that the complaint of the plaintiff, Beatrice Baldwin, fails to state a cause of action in negligence. We find no justification in established legal principle, precedent or policy to hold otherwise. *Neiburg* v. *Cohen,* supra, 88 Vt. at 290; *Kronenbitter* v. *Washburn Wire Company,* 4 N.Y. 2d 524, 150 N.E. 2d 898, 899; Restatement, Torts, §695, Comment a.

*Order dismissing the complaint of the plaintiff, Beatrice Baldwin, is affirmed.*