## Courtland Herbert and Cheryl Herbert
### v.
## John P. Layman and Alwin Braun

[218 A.2d 706]

February Term, 1966

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 5, 1966

*Ehrich & Mollica* for plaintiff.

*Gannett, Oakes & Weber* for defendants.

**Shangraw, J.** This is a civil action sounding in tort brought by the plaintiffs, husband and wife. The complaint alleges that the plaintiff, Courtland Herbert, and the defendants were each employees of Mt. Snow Development Corporation, and while so employed by the common employer, and through the negligence of the defendants, Mr. Herbert was injured and seeks recovery of the defendants for damages arising therefrom.

The common employer was insured under the workmen's compensation law of Vermont. Chapter 9, 21 V.S.A. Plaintiff, Courtland Herbert, was receiving the benefits afforded by the act at the time this action was brought.

The defendants filed a motion to dismiss claiming that the complaint does not state a cause of action upon which relief may be

granted. In substance, the motion states that Mt. Snow Development Corporation was an insured employer under our workmen's compensation law at the time of Mr. Courtland's alleged injury, and that he had applied for and was receiving compensation under the Workmen's Compensation Act prior to the bringing of this action. For these reasons the motion urges that plaintiff Courtland Herbert is precluded from instituting an action against his fellow employees based on their alleged negligence. The motion to dismiss was denied and the defendants were granted permission to appeal under the provisions of 12 V.S.A. §2386.

The question here presented is whether or not an injured employee who is receiving workmen's compensation benefits may also maintain an action against his co-employees for injuries arising out of the negligence of such fellow employees. The rights of the parties to the present action must be determined in the light of the provisions of the Workmen's Compensation Act, 21 V.S.A. §624 as amended by No. 232 of the Public Acts of 1959.

The origin of the above statute is to be found in section 8 of No. 164 of the Public Acts of 1915 and which reads:

"Sec. 8. Liability of third persons. When any injury to which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

It is to be noted that the above quoted statute contained an optional provision which limited any injured employee to "either claim compensation under the provisions of this chapter or obtain damages from or proceed at law against such other person to recover damages." By reason of this limitation such injured employee was required to elect which course to pursue, and could not have the benefit of both remedies. *Belfore* v. *Highway Dep't,* 108 Vt. 396, 399, 400, 187 Atl. 797.

This statute remained substantially unchanged until 1959, at which time the legislature, by Act. No. 232, deleted the mandatory option provision. 21 V.S.A. §624, as amended, and in effect at time of the injury complained of, in part reads:

"§ 624. *Dual liability; claims, settlement procedure*

Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or his personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his personal representative does not commence the action within one year after the occurrence of the personal injury, then the employer or its compensation insurance carrier, may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of the third party in the name of the injured employee or his personal representative."

The statute contemplates that a cause of action lies in favor of an injured employee when caused under circumstances creating a legal liability "in some person other than the employer"; even though he may have been awarded compensation under the Workmen's Compensation Act, and permits him also to proceed to enforce the liability of such third party for damages. Among other things, the statute, as amended, provides that the employer or its insurance carrier, shall be subrogated to the rights of the injured employee to enforce liability of the third party causing the injury. This permits subrogation to the extent necessary to recoup the compensation paid by the employer or its compensation carrier to the injured employee, together with expenses of recovery. See, *Canadian Pacific Ry.* v. *Morin* (2d Cir., 1931) 54 F.2d 246.

The defendants claim that a fellow employee is not a "third party" and refers to some person other than the employer or his employees. Stated differently, it is the defendants' contention that "some person other than the employer" refers to an outsider and does not include a fellow employee.

With the defendants' interpretation of the statute in mind, this leads us to the question as to who are third persons. Fellow workmen are generally treated as third persons within the operation of the

provisions of workmen compensation acts, but a contrary conclusion has been reached in some cases. 58 Am. Jur. Workmen's Compensation, §61, page 617. Some acts nullify the third party liability of a fellow employee, but generally a fellow employee may be held liable as a third party. 3 Schneider Workmen's Compensation Text, Permanent Edition, §842; *Bresnahan v. Barre,* 286 Mass. 593, 190 N.E. 815.

Third persons who may be liable to an injured employee in a common law action include persons who do not bear the relationship of employer toward the injured employee, or who are not constituted employers by the statute. 101 C.J.S. Workmen's Compensation, §985, p. 467. Under some acts the common-law tort liability of an employee to his co-employee is not abrogated notwithstanding the employer's liability for compensation; but by the terms of other statutes an employee of one who is operating under the act has no right of action against any agent, servant, or employee of such employer. 101 C.J.S., supra, §985, subdivision (E). This section goes on to state, "Furthermore, such co-employee has been regarded as a 'third person' or 'third party' against whom the act recognizes the right of the injured employee to maintain an action,". See footnote 18 for cases cited. On this general subject see annotations in 19 A.L.R. 766, 27 A.L.R. 493, 37 A.L.R. 838, 67 A.L.R. 249, 88 A.L.R. 665, 106 A.L.R. 1040.

In most states having compensation statutes, the immunity to common-law suits is extended only to the employer in the absence of a specific statutory provision. 2 Larson, Workmen's Compensation, §72 et seq. As stated by Larson, supra, §72.10. "An injured employee can therefore sue his own co-employee for the latter's negligence, and it follows logically that the employer can exercise subrogation rights against his own tortfeasor employee. This result has been supported by reference to the plain language of the statute, by the argument that existing rights of action should not be deemed destroyed in the absence of clear language . . . ." See *Wlock v. Fort Dummer Mills,* 98 Vt. 449, 459, 129 Atl. 311.

The reason most often cited for the above position is that in the exchange for sure and swift compensation the worker has given up the right to sue his employer but not his fellow employee, because the fellow employee is not a party to such an agreement and has given up nothing in return for such an immunity. See 33 Washington Law Review at 220. In those jurisdictions that sustain the liability of the fellow employee, subrogation is permitted against the negligent co-worker, as permitted under our statute. 2 Larson, supra, § 72.10. The underlying basis is to permit the ultimate loss to fall on those persons respon-

sible, after the initial policy of providing sure relief to the employee has been fulfilled. The ultimate wrongdoer ought not escape his obligation to pay full tort damages for the injury he caused. 2 Larson, supra, §71.10. It supplements compensation benefits.

In the case of *Merchants Mt. Cas. Co.* v. *Tuttle,* a petition for a declaratory judgment, reported in 98 N.H. 349. 101 A.2d 262 and decided November 30, 1953, the Court was called upon to determine whether or not, under its workmen's compensation law, the acceptance of compensation had barred an action at law by an employee against his fellow employee to recover for injuries caused by the latter. The pertinent section of the New Hampshire statute, for all purposes here material, very closely follows the language of 21 V.S.A. §624, as amended. Laws 1947, c.266 section 12, of the New Hampshire Workmen's Compensation Act provides:

"When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages. . . ."

In holding that a common-law action for negligence could be maintained by an injured employee against a co-employee, the New Hampshire Court made the following observation in the above case. "It is true that some courts have interpreted similar statutes to grant immunity from common-law action not only to employers but also to co-employees in the same employment, *Caira* v. *Caira,* 296 Mass. 448, 6 N.E. 2d 431; *Murphy* v. *Mietinen,* 317 Mass. 633, 59 N.E. 2d 252, and in some instances to all persons subject to the compensation system. 2 Larson's Workmen's Compensation Law 181. In our opinion such an interpretation would distort the meaning of 'in some person other than the employer' as used by the Legislature in our Act. In effect it amounts to saying that employer means employee, Id. p. 178. The statute does not say this, section 2, subd. I, and a majority of the courts have held otherwise, Id. p. 171; 58 Am. Jur. 616. Acceptance of compensation has not barred an action at law for negligence on behalf of Ferguson against his fellow employee Tuttle to recover damages for the same injuries." See cases cited.

The defendants strongly urge that to permit recovery here against co-employees will produce undesirable results. There is force in this contention, but as we have often held, such a question of policy is for the legislature and not for this court. While the Work-

men's Compensation Act is to be construed liberally to accomplish the humane purpose for which it was passed, a liberal construction does not mean an unreasonable or unwarranted construction, *Rothfarb* v. *Camp Awanee, Inc., et al,* 116 Vt. 172, 180, 71 A.2d 569. Courts are limited to the interpretation of statutes to effect the purpose expressed by the legislature which enacted them. If a statute seems unfair or unjust the remedy must be sought in a legislative change or modification. It cannot be furnished by judicial action in the guise of interpretation. *Quinn* v. *Pate,* 124 Vt. 121, 127, 197 A.2d 795.

The complaint alleges that the defendants were employees of Mt. Snow Development Corporation and were supervising the construction of a lift at the time plaintiff, Courtland Herbert, sustained his injuries. It is also the defendant's claim that an injured employee at least should not be permitted to sue a co-employee acting in a supervisory capacity. This claim and distinction is without merit. 21 V.S.A. §601, subdivision (14) thereof, reads in part as follows: "Every executive officer elected or appointed and empowered in accordance with the charter and by-laws of a corporation shall be an employee of the corporation." The statutory definition of employee clearly refutes the defendants' contention that an injured employee should not be permitted to sue a co-employee acting in a supervisory capacity.

It follows that the Workmen's Compensation Act of this State provides a statutory remedy which is exclusive as against the employer, but which does not preclude the bringing of an action in negligence against a fellow servant who causes injury. The acceptance of compensation by plaintiff, Courtland Herbert, does not bar his action against the defendants. The motion to dismiss as it applies to Mr. Herbert was properly denied.

In this action Cheryl Herbert, wife of Mr. Herbert, seeks recovery for the loss of consortium of her husband. On the authority of *Harold Baldwin, Sr. and Beatrice Baldwin* v. *State of Vermont and Vermont Railways, Inc.,* 125 Vt. 317, 215 A.2d 492, Mrs. Herberts's action cannot be maintained, and the motion to dismiss as applied to her, should have been granted.

*The order denying the motion to dismiss as it relates to plaintiff, Courtland Herbert, is affirmed. The Order as applied to plaintiff, Cheryl Herbert, is reversed. Cause remanded.*