**Harold L. and Beatrice McAdam v. James and Mildred Wrisley**

[349 A.2d 886]

No. 50-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*John A. Burgess Associates, Ltd.*, Montpelier, for Plaintiffs.

*McKee, Clewley & FitzPatrick*, Montpelier, for Defendants.

**Larrow, J.** At the close of the evidence, the Washington Superior Court directed a defendants' verdict. In form, the judgment order ran in the singular and was captioned only against the defendant James Wrisley. The mistake is obviously purely clerical and should be corrected on remand; it can be nothing else because the only claim against the defendant Mildred Wrisley was on a *respondeat superior* basis. Nor can there be any question but that the defendants were entitled to a directed verdict against the plaintiff Beatrice McAdam, because her only claim was for loss of her husband's consortium, for which recovery is not allowed in this state. *Baldwin* v. *State and Vermont Ry.*, 125 Vt. 317, 215 A.2d 492 (1965).

Raised for our consideration here is the sole question of whether plaintiff Harold McAdam made out a sufficient case to go to the jury. The facts are not complicated, however lacking in critical details. Defendant James Wrisley was digging a foundation trench adjacent to his home, and was being assisted by plaintiff Harold McAdam. At whose instance is in dispute. McAdam's property adjoined that of the defendants, at an elevation some 3–4 feet higher. On the boundary was a set of old stairs. To remove some of the fill engendered by the digging, the parties used a wheelbarrow, ownership of which is disputed. In any event, the defendant placed a sheet of

plywood over the stairs, and, after filling the barrow, the parties tried to wheel it up the ramp so created, to spread the dirt on plaintiff's land. They were using the barrow in reverse, with defendant in the lead pulling on the handles, and plaintiff in the rear pushing. When they were near the top, progress ceased. According to plaintiff, "it felt like it came back" and he braced himself and held on, keeping it there. Defendant's son came out to help, and the trip was completed. Plaintiff suffered severe and disabling back injury, resulting in loss of his state employment.

According to plaintiff, defendant "thought he was at the top, and that's why it happened the way it did." He said he was trying to continue to pull, and plaintiff "supposed" he was so trying. Plaintiff also testified that he was looking at the ground, and "assumed" defendant let go of the barrow, that "he must have." Otherwise, the trial record is barren of testimony tending to establish negligence.

Although this action arose after the effective date of our comparative negligence statute (12 V.S.A. § 1036) that fact has no bearing on the issues here presented. Defendants' motion for a directed verdict was based upon the lack of sufficient evidence of actionable negligence to present a jury question, and was clearly granted by the court upon that ground.

Plaintiff, in his brief, relies to some extent upon *Wool* v. *Larner*, 112 Vt. 431, 26 A.2d 39 (1942), *Garafano* v. *Neshobe Beach Club*, 126 Vt. 566, 238 A.2d 70 (1967), and *Sawyer* v. *Ewen*, 122 Vt. 320, 173 A.2d 549 (1961) as establishing the proposition that where one invites another onto his premises, there arises a duty to warn of a dangerous or defective condition known to the owner but unknown to the invitee. The principle is a sound one, but its application is not apparent. No defective condition is in issue here, but simply the question of whether defendant acted in a negligent manner. Plaintiff cites us only to cases holding that this factual determination is ordinarily a matter for the jury.

This too, as a general proposition, is true. But it is also true that not all evidence makes a jury case. We have repeatedly held, and do so here, that the issue to be proved must be directly supported by some evidence, a burden not

overcome by the introduction of facts generating only conjecture, surmise or suspicion. *Marshall* v. *Milton Water Corp.*, 128 Vt. 609, 270 A.2d 162 (1970) ; *Bolduc* v. *Coffin*, 133 Vt. 67, 329 A.2d 655 (1974). Proof of possibility alone is not enough.

 Viewed in this light, plaintiff's claims must fall. The scanty record leaves us to conjecture as to what actually happened. Plaintiff only "assumed" that defendant let go, which might be negligence. Equally possible is that defendant's grip slipped, with no fault on his part, or that a heavy task momentarily proved too much for the men attempting it, a not uncommon occurrence. Plaintiff's argument about a failure to warn fares no better, as it does not appear, from the rapid occurrence, that there was any opportunity to warn or that a warning could have been effective. Far from negating a purely accidental result, occurring without negligence, plaintiff's evidence when viewed impartially tends to establish such accident. At best, it presents no basis for a jury finding that defendant acted in a negligent manner. The trial court properly granted the motion for directed verdict.

*The judgment is affirmed, and the cause remanded with direction to correct the clerical error in the judgment order to make it include both defendants.*