**Steven A. Woods v. Charles L. Shumway**

[356 A.2d 529]

No. 104-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Saul Lee Agel* and *Stuart M. Bennett,* Burlington, for Plaintiff.

*Dinse, Allen & Erdmann,* Burlington, for Defendant.

**Smith, J.** Plaintiff brought an action for alienation of affections against the defendant in the Lamoille Superior Court, which action was instituted by service of a summons and writ of attachment served upon the defendant on December 4, 1973. The defendant filed motions to dismiss on the ground that the cause of action set forth in the complaint was repealed by Chapter 17 of Title 15 of the Vermont Statutes

Annotated, and further on the ground that the lower court was without jurisdiction of the subject matter. These motions were denied by the lower court, and the case is before us by virtue of a certification under Rule 5(a) of the Vermont Rules of Appellate Procedure.

The questions so certified are:

(1) May an action for alienation of affections brought and pending prior to the effective date of Title 15 V.S.A. Chapter 17 be prosecuted after said Act became effective?

(2) Does the Court have jurisdiction of an action for alienation of affections in which the Defendant's real property was attached after the enactment of Rule 4.1 of V.R.C.P.?

The right of action to recover sums of money as damages for alienation of affections was abolished by 15 V.S.A. § 1001, which enactment of the adjourned session of the Vermont General Assembly became effective July 1, 1974. 15 V.S.A. § 1003, which also became effective July 1, 1974, provides:

Any contract or instrument executed after the effective date of this chapter within this state in payment, satisfaction, settlement or compromise of any claim or cause of action abolished by this chapter, whether such claim or cause of action arose within or without this state, is contrary to the public policy of this state and absolutely void. Nothing in this section shall affect the rights of parties to settle or compromise any suit duly begun or pending on the effective date of this chapter.

In answering the first question presented, as we have already noted, the action with which we are concerned was commenced prior to the effective date of 15 V.S.A. § 1001, which abolished the cause of action for alienation of affections. In *Mattison* v. *Poulen*, Docket No. 260-74 (February 4, 1976), we recently considered the question whether the provisions of 1 V.S.A. § 213 allowed retroactive application to 12 V.S.A. § 1612 concerning the competency of doctors and other named professionals to testify on certain matters. 1 V.S.A. § 213 provides:

> Acts of the general assembly, except acts regulating practice in court, relating to the competency of witnesses or to amendments of process or pleading, shall not affect a suit begun or pending at the time of their passage.

In *Mattison* we found that 12 V.S.A. § 1612 was encompassed in the exception language of 1 V.S.A. § 213 and was entitled to retroactive application.

■ Unlike the statute involved in *Mattison* v. *Poulen, supra,* the enactment here in question does not come within the exception of acts regulating practice in court, relating to the competency of witnesses, or to the amendment of practice and pleading. 15 V.S.A. § 1001 merely abolishes certain rights of action, and only becomes effective on its effective date of July 1, 1974. The Act indicates no intention inconsistent with the provisions of 1 V.S.A. § 213 and the statute must be applied. *Fuller* v. *Montpelier,* 73 Vt. 44, 50 A. 544 (1901). Nor do we find any legislative intent to apply 15 V.S.A. § 1001 retroactively by reason of the above quoted provisions of 15 V.S.A. § 1003. This section applies to any "payment, satisfaction, settlement or compromise of any claim or cause of action abolished by this chapter", but grants "the rights of parties to settle or compromise any suit duly begun or pending on the effective date of this chapter."

Clearly, the section recognizes that there can be suits pending and begun before the effective date of 15 V.S.A. § 1001, and that the bar upon future compromises or settlements of the forbidden causes of action does not apply to those actions brought on or before July 1, 1974, the effective date of the chapter. It in no way acts to bar any litigation of the now forbidden causes which had begun and was pending prior to that date.

Turning now to the second certified question as to whether the court has jurisdiction of an action for alienation of affections in which the defendant's real property was attached after the enactment of Rule 4.1 of V.R.C.P., we must first consider the facts of the case before us.

■ The cause was initiated by service of summons and a writ of attachment which were served upon the defendant on December 4, 1973. The Reporter's Notes to V.R.C.P. 4.1

state, "The writ of attachment is no longer an original process by which an action may be commenced, that function now being served solely by the summons and complaint." As was said in *McAndrew* v. *Irish-American Bank*, 117 Ga. 510, 511, 43 S.E. 858 (1903), "[a]ppearing and pleading, replevying the property, and being served with the requisite notice are all placed upon the same footing. Either will entitle the plaintiff to proceed for a general judgment against the defendant, notwithstanding the dismissal of the attachment." Under our present rules, all actions are commenced by summons and complaint being served, as was done here, upon the defendant. If the defendant has been damaged by the illegal attachment, a question not in issue here, his proper remedy is by some means other than attacking the jurisdiction of the court when jurisdiction has been conferred by service of the summons and complaint on the defendant. The answer to the second certified question is in the affirmative.

*The answers to both certified questions are in the affirmative. The cause is remanded to the Lamoille Superior Court.*