**Donald Lowell Whitney and Donna Lee Whitney v.
Beatrice Barnes Fisher and Charles Morton Gates**

[417 A.2d 934]

No. 144-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and
Springer, D.J., Specially Assigned

Opinion Filed June 16, 1980

Motion for Reargument Denied July 9, 1980

*Fink and Birmingham, P.C.,* Ludlow, for Plaintiff.

*Richards and Lawlor, P.C.,* Springfield, for Defendant.

**Billings, J.** The sole issue in this case is whether as a matter of law a woman may recover for loss of consortium based on her husband's injuries. If so, the judgment below granting plaintiff, Donna Lee Whitney, such a recovery must be affirmed.

This action was commenced in 1976 upon a cause arising in 1973. On April 19, 1977, the legislature expressly authorized the bringing of an action for loss of consortium by either spouse with the enactment of 12 V.S.A. § 5431.

■ The operational effect of statutory provisions with respect to their retroactivity is governed by 1 V.S.A. § 213, unless otherwise provided. This statute withholds retroactive effect from all enactments, except those relating to practice in court, competency of witnesses and amendments of process or pleading. *Woods* v. *Shumway*, 134 Vt. 242, 244, 356 A.2d 529, 530–31 (1976). The provisions of 12 V.S.A. § 5431 simply create a substantive right and, therefore, are governed by the rule against retroactivity.

■ Failing to establish a cause of action under the statute, and since there appear to have been no prior enactments on the subject, the plaintiff's right is determined by the common law. The most recent Vermont case to fully consider the basis of a woman's right of action for loss of consortium is *Baldwin* v. *State*, 125 Vt. 317, 215 A.2d 492 (1965). There this Court, while acknowledging the right in a man, *Gilman* v. *Gilman*, 115 Vt. 49, 51, 51 A.2d 46, 47 (1947); *Lindsey* v. *Town of Danville*, 46 Vt. 144, 150 (1873), rejected the claim that a woman could also bring the action. The basis given by the Court for that holding is that since the law recognizes no corresponding right in children, there is no reason to extend the availability of the action beyond the boundaries of "an outworn common-law cause of action" merely for the sake of consistency, unless some distinctive characteristic of the wife's status is shown to distinguish it from others. *Baldwin* v. *State*, *supra*, 125 Vt. at 320–21, 215 A.2d at 494 (quoting *Dini* v. *Naiditch*, 20 Ill. 2d 406, 433, 170 N.E.2d 881, 894 (1960) (Schaefer, C.J., dissenting)). This holding has since been applied without reexamination twice. See *McAdam* v. *Wrisley*, 134 Vt. 19, 20, 349 A.2d 886, 887 (1975); *Herbert* v. *Layman*, 125 Vt. 481, 486, 218 A.2d 706, 710 (1966). The only other Vermont case law on this subject would seem to be *Nieberg* v. *Cohen*, 88 Vt. 281, 92 A. 214 (1914), cited in *Baldwin* v. *State*, *supra*, 125 Vt. at 321, 215 A.2d at 494, for the proposition that since there was no "established legal principle, precedent or policy to hold otherwise," the Court would decline recognition of the right. Therefore, although this Court has heretofore declined to recognize a woman's right of action for loss of consortium, it has not foreclosed such recognition.

With respect to the rationale set forth in *Baldwin* v. *State*, *supra*, this Court long ago recognized that the action for loss of consortium is directed to the loss of affection, aid and cooperation in every conjugal relation, and conjugal society, as was as any pecuniary loss that might occur. *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 113, 130 A. 758, 769 (1925). Thus, while a child may have an interest in parental support, such an interest is different in kind from that protected by an action for loss of consortium because it does not have the breadth of the spousal interest. See *Ekalo* v. *Constructive Service Corp.*, 46 N.J. 82, 92, 215 A.2d 1, 6–7 (1965).

Moreover, as numerous courts have recognized, there is substantial established principle, precedent and policy which compels this Court to reconsider the rule denying women a right of action for loss of consortium. See Annot., 36 A.L.R.3d 900 (1971). The plaintiff urges this Court to invoke the two-pronged test of the constitutionality of gender-based classifications under the equal protection clause of the Fourteenth Amendment to the United States Constitution. Recent United States Supreme Court decisions have required scrutiny of gender-based classification to determine whether the classification serves "important governmental objectives" and whether the classification is "substantially related" to the attainment of those objectives. See *Personnel Administrator of Massachusetts* v. *Feeney*, 442 U.S. 256 (1979); *Califano* v. *Goldfarb*, 430 U.S. 199 (1977) (Fifth Amendment only); *Craig* v. *Boren*, 429 U.S. 190 (1976); *Frontiero* v. *Richardson*, 411 U.S. 677 (1973) ; *Reed* v. *Reed*, 404 U.S. 71 (1971).

Inasmuch as the action for loss of consortium is for the remedy of injuries sustained by one who has been deprived of the affection, aid and cooperation in conjugal relations, conjugal society and support of another whom the law recognizes as a marital partner, see *Woodhouse* v. *Woodhouse*, *supra*, it is difficult, indeed, to find any nonarbitrary distinction between the interests of the man and woman in their mutual society. See *Hitaffer* v. *Argonne Co.*, 87 U.S. App. D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, *cert. denied*, 340 U.S. 852 (1950); Annot., *supra*, at 910–18. If there is a distinction between the society a woman can provide her husband and that which he provides her, it is wholly irrelevant to the availability of a

right of action against those who interfere with that society, since that society requires the mutual participation of both spouses. There is no state of facts which reasonably may be conceived to justify a general rule denying a woman an action for loss of consortium, while recognizing the right in a man. Our prior cases cited herein for such a rule are hereby overruled insofar as they are inconsistent with this opinion.

*Affirmed.*

**Barney, C.J.,** dissenting. For the reasons so cogently stated by Chief Justice Schaefer dissenting in *Dini* v. *Naiditch,* 20 Ill. 2d 406, 431, 170 N.E.2d 881, 893 (1960), and cited in *Baldwin* v. *State,* 125 Vt. 317, 320, 215 A.2d 492, 494 (1965), I do not favor the concept of consortium damages as a separate item of recovery. Moreover, I find no compelling justification for disaffirming the holding in *McAdam* v. *Wrisley,* 134 Vt. 19, 20, 349 A.2d 886 (1975), particularly since this accident preceded both the enactment of 12 V.S.A. § 5431 (authorizing actions for loss of consortium by either spouse), and the *McAdam* holding. 1 V.S.A. § 213; *Woods* v. *Shumway,* 134 Vt. 242, 244, 356 A.2d 529, 530–31 (1976).

**Daley, J.,** dissenting. Had the legislature intended 12 V.S.A. § 5431 to apply retroactively, they could have so stated. They did not, and therefore, as the majority appears to acknowledge, 1 V.S.A. § 213 bars retroactivity. *Woods* v. *Shumway,* 134 Vt. 242, 244, 356 A.2d 529, 531 (1976) ; *Fuller* v. *City of Montpelier,* 73 Vt. 44, 50 A. 544 (1901). At the time these events occurred, plaintiff had no cause of action for loss of consortium. I would apply the law as it stood at that time, rather than create a cause of action out of thin air.