VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00266

| Matthew G. Westcott v. Kurt Cooper; et al |
|---|

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss  (Motion: 2)
Filer:       Mark F. Werle
Filed Date:    March 14, 2024

Plaintiff Matthew Westcott sues three individuals who he asserts were responsible for the murder of his uncle, Richard Westcot. He asserts three claims: one under Vermont's wrongful death statute, another for loss of consortium, and a third for intentional infliction of emotional distress. Two of the three defendants have moved to dismiss all counts. The court grants the motion.

With respect to the first claim, Mr. Wescott lacks standing. Per statute, a wrongful death claim must "be brought in the name of the personal representative of the deceased person." 14 V.S.A. §1492(a). Moreover, Mr. Wescott is not even a putative beneficiary of any wrongful death recovery; he is clearly neither the decedent's spouse or next of kin, as required by 14 V.S.A. § 1492(c). Thus, any injury he has suffered is not one "that can be redressed in a court of law." *Parker v. Town of Milton*, 169 Vt. 74, 77 (1998). Count 1 therefore fails.

Equally, Vermont law has never recognized a right of action for loss of consortium in anyone other than a spouse or a child. *See* 12 V.S.A. § 5431 ("An action for loss of consortium may be brought by either spouse."); *Whitney v. Fisher*, 138 Vt. 468, 471 (1980) ("the action for loss of consortium is for the remedy of injuries sustained by one who has been deprived of the affection, aid and cooperation in conjugal relations, conjugal society and support of another whom the law recognizes as a marital partner"); *Hay v. Medical Center Hosp. of Vermont*, 145 Vt. 533, 537-45 (1985) (recognizing child's right of action for loss of parental consortium). While the court has allowed loss of companionship—akin to consortium—to siblings, that was in the context of a wrongful death action, in which the siblings were entitled to recover as "next of

kin." *Dubanawicz v. Houman*, 2006 VT 99, ¶¶ 6–15,180 Vt. 367. Here, Mr. Wescott is not his uncle's spouse, child, or "next of kin"; he therefore has no right of recovery for loss of consortium, either at common law or under the wrongful death act. Count 2 also fails.

Finally, where a claimant is not the direct target of allegedly tortious conduct, Vermont law allows recovery for intentional infliction of emotional distress only if the claimant is present at the time of the conduct. *Leo v. Hillman*, 164 Vt. 94, 102–03 (1995). Here, the complaint makes clear that Mr. Wescott was not present at the time of his uncle's murder. Thus, he has no claim for intentional infliction of emotional distress. Count 3 fails.

## ORDER

The court grants the motion. All claims against Defendants Macca and Gillespie are dismissed with prejudice.

Electronically signed pursuant to V.R.E.F. 9(d): 4/23/2024 6:38 PM

_____
Samuel Hoar, Jr.
Superior Court Judge