212 N.J. Super. 340 (1986)
514 A.2d 1367
PATRICIA MCNULTY STAHL AND ROBERT STAHL, HER HUSBAND, PLAINTIFFS,
v.
JAMES NUGENT, KEVIN NUGENT, JOHN DOE, RICHARD ROE, JOHN DOE, CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided August 1, 1986.
Edward J. Ramp for plaintiffs (Ramp & Renaud, attorneys).
John A. Fearns, for defendants James Nugent and Kevin Nugent (William J. Pollinger, attorney).
CUNNINGHAM, J.S.C.
Defendants move for summary judgment to dismiss the per quod claim of Robert Stahl. He is the husband of Patricia *341 McNulty Stahl, whose suit for personal injury is pending. Her cause of action alleges negligence on the part of defendants regarding an accident which occurred on January 1, 1984.
Plaintiffs at that time were engaged to be married and did marry on February 29, 1984.
This is not a case in which a relationship other than marriage is offered as the basis for a claim of loss of consortium. The theory under which the unmarried parties in Kozlowski v. Kozlowski, 80 N.J. 378 (1979) were held to have legal rights and obligations is not a factor here, and the line of cases referred to in Childers v. Shannon, 183 N.J. Super. 591 (Law Div. 1982) do not pertain.
Essentially, defendants stand on the Childers ruling dismissing the husband's claim because the wife's injury was sustained two months before their marriage. The court in Childers noted that the existence of a "marriage at the time of injury has traditionally been a prerequisite of a claim for loss of consortium."
Id. at 593.
Cited in support of this tradition is Mead v. Baum, 76 N.J.L. 337 (Sup.Ct. 1908). The theory in Mead is that a groom takes his bride "as he finds her," likening the claim to that of a man who hires an injured employee and then seeks damages from the tortfeasor for the inability of the employee to function fully.
To parallel a married man whose wife's injury causes him a loss of her consortium with a hiring boss who takes his laborer as he finds him should have been seen as callous in 1908 as in 1986.
Given the circumstances here, in which plaintiffs were engaged to be married at the time of injury, and did in fact marry shortly thereafter, any proved loss of consortium which the newlywed husband sustained from the date of the marriage should not be barred by a legal catch-phrase.
*342 The effect of this court's disagreement with Mead is only that tortfeasors may be required to compensate fully for actual damage caused.
The motion for summary judgment is denied.