John and Shannon HARRIS v.
William SHERMAN and Joseph
Donna, d/b/a J & D Transport

[708 A.2d 1348]

No. 97-082

March 11, 1998. Plaintiff Shannon Harris appeals the Lamoille Superior Court's dismissal of her loss of consortium claim premised on personal injuries sustained by her husband John Harris. The court granted summary judgment for defendants and dismissed the claim because, at the time of the accident, Shannon and John were engaged to be married, but not yet legally wed. Plaintiff argues on appeal that 12 V.S.A. § 5431, which provides that "[a] loss of consortium [claim] may be

---

brought by either spouse" affords relief not only to persons formally married at the time of injury, but also to persons engaged to be married at the time of the accident who marry prior to commencement of the action. We affirm.

The underlying facts are not in dispute. In May of 1995, John Harris allegedly sustained injury in an automobile accident with defendant, William Sherman. At the time of the accident, John and Shannon were engaged to be married; approximately two months later, they became legally wed. John Harris later sued defendants alleging negligent operation and maintenance of their automobile, and based on those injury claims, Shannon Harris claimed loss of consortium. Defendants moved for summary judgment on the consortium claim on the grounds that 12 V.S.A. § 5431 does not allow recovery for loss of consortium arising from injury sustained before marriage. Defendants argued that the loss of consortium statute was enacted for the sole purpose of extending to women the substantive right to claim for loss of consortium, see *Whitney v. Fisher*, 138 Vt. 468, 469, 417 A.2d 934, 935 (1980), and that the Legislature expressed no intention of otherwise extending or modifying the action's parameters. The superior court granted defendants' summary judgment motion and dismissed with prejudice plaintiff's loss of consortium claim, but did not otherwise explain its ruling. See V.R.C.P. 56 (summary judgment appropriate where no genuine issue of material fact exists and moving party is entitled to judgment as a matter of law). Plaintiff appeals.

Plaintiff contends that the superior court was wrong to dismiss her claim because the plain language of 12 V.S.A. § 5431 allows "either spouse" to bring a claim for loss of consortium and she is the spouse of the injured party. Her position is that if the Legislature did not specify a temporal requirement for when the marriage must be in existence it must have

intended that no such limitation be imposed.

In construing statutes, courts have a duty to ascertain and effectuate the intent of the Legislature, see *In re A.C.*, 144 Vt. 37, 42, 470 A.2d 1191, 1194 (1984), and where legislative intent can be ascertained on its face, the statute must be enforced according to its terms without resort to statutory construction. See *Derosia v. Book Press, Inc.*, 148 Vt. 217, 222, 531 A.2d 905, 908 (1987). Conversely, if the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law. See *Paquette v. Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985).

In the instant case, plaintiff correctly argues that 12 V.S.A. § 5431 provides a claim for loss of consortium to "either spouse," and that the statute is silent as to any temporal requirement for when the marriage must have been in existence. In light of this legislative silence, we must look beyond the plain language to determine legislative intent. Plaintiff argues that any ambiguity concerning the term "spouse" must be resolved in her favor, because § 5431 was enacted as a remedial statute, and thus should be interpreted in a light favorable to those persons it was designed to benefit. She contends that, when construed favorably toward her, the statute affords her a claim.

We find plaintiff's argument unpersuasive because, although § 5431 is remedial in nature, and thus entitled to a liberal construction, see *State v. Therrien*, 161 Vt. 26, 31, 633 A.2d 272, 275 (1993), we must look at the nature of the remedy enacted to determine its proper scope. The statute at issue was enacted to overrule the common law rule under which women could not recover for loss of consortium. See *Whitney*, 138 Vt. at 470, 417 A.2d at 935 (12 V.S.A. § 5431 created a substantive right in women to recover for loss of consortium based upon her husband's injuries). In all other respects, the statute indicates no legislative intent to modify the scope and application of a loss of consortium claim. Had the Legislature intended to modify the action's scope, it could have said so. "[G]reat care should be exercised by the court not to expand proper construction of a statute into judicial legislation." *Murphy Motor Sales, Inc. v. First National Bank*, 122 Vt. 121, 124, 165 A.2d 341, 343 (1960).

We have not before been asked to decide whether loss of consortium may be premised on injuries sustained prior to marriage. We have, however, described consortium as a derivative claim "rooted in time, place, and circumstance to [the] . . . injury." *Derosia*, 148 Vt. at 220, 531 A.2d at 907. The persuasive force of authority from other jurisdictions provides that there can be no loss of consortium recovery where the claimant was not married to the injured party at the time of the accident. See, e.g., *Doe v. Cherwitz*, 518 N.W.2d 362, 365 (Iowa 1994); *Gurliacci v. Mayer*, 590 A.2d 914, 931-32 (Conn. 1991); *Miller v. Davis*, 433 N.Y.S.2d 974, 975 (Sup. Ct. 1980) (wife denied recovery when husband was injured on wedding day, causing postponement of marriage ceremony); *Gillespie-Linton v. Miles*, 473 A.2d 947, 953 (Md. Ct. Spec. App. 1984) (spouse of an injured party could not recover where injury occurred four days prior to marriage); see also Restatement (Second) of Torts § 693 cmt. h (1977) (action for tortious harm to plaintiff's spouse is "applicable to parties to a valid marriage . . . subsisting at the time of the injury").

Plaintiff points to *Bulloch v. United States*, 487 F. Supp. 1078 (D.N.J. 1980), *Sutherland v. Auch Inter-Borough Transit Co.*, 366 F. Supp. 127 (E.D. Pa. 1973), and *Stahl v. Nugent*, 514 A.2d 1367 (N.J. Super. Ct. Law Div. 1986), to support her contention that the rule should be other-

wise. In each of these cases, the courts allowed loss of consortium damages premised on premarital injury. Plaintiff's authority, however, has either not been followed or has been repudiated, and is therefore unpersuasive. New Jersey state courts have rejected the result in *Bulloch*. See *Leonardis v. Morton Chemical Co.*, 445 A.2d 45, 46 (N.J. Super. Ct. App. Div. 1982) (loss of consortium claim not available unless formal marriage exists at time of injury; "We find no merit in and decline to follow *Bulloch*."). Similarly, the authority of *Stahl* has been questioned and was sharply criticized in *Sykes v. Zook Enterprises, Inc.*, 521 A.2d 1380, 1382 (N.J. Super. Ct. Law Div. 1987) ("From an analytical standpoint . . . *Stahl* may not accurately represent the current state of New Jersey law."). Pennsylvania state courts have declined to follow *Sutherland*. See, e.g., *Rockwell v. Liston*, 71 Pa. D. & C.2d 756, 757-58 (1975) (loss of consortium claim not available where spouse's injury occurred during engagement, but one month before formal marriage).

We hold that a spouse may bring a loss of consortium claim under 12 V.S.A. § 5431 only if the claimant was legally married to the injured party when that injury occurred. Vermont has long recognized the vital importance of marriage as a contract between spouses with attendant rights and obligations. See *Davidson v. Davidson*, 111 Vt. 68, 74, 10 A.2d 197, 200 (1940) ("The law undoubtedly favors the marriage relation and its continuance."); *In re Hanrahan's Will*, 109 Vt. 108, 121, 194 A. 471, 477 (1937) (noting status of marriage as civil contract). The significance of an engagement to be married is entirely personal, and carries no formal responsibilities or recognition by the state. We are mindful of the difficulty to be encountered if courts were required to determine which personal relationships were sufficiently harmed to merit recovery.

*Affirmed.*