Filed 08/29/24

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 23-ENV-00120
Docket No. 24-ENV-00003

| In re 8 Taft Street Appeals |
| --- |

## ENTRY REGARDING MOTION

Motion 1:      Motion for Summary Judgment

Filer:          Megan T. Nelson, Attorney for Appellant Jason Struthers

Filed Date:    August 8, 2024

Memorandum in Opposition filed by William B. Towle, Attorney for Neighbors

……………………………………………………………………………………………………………

Motion 2:      Motion to Combine

Filer:          William B. Towle

Filed Date:    February 16, 2024 (renewed on August 20, 2024)

No response filed.

**The motion for summary judgment is GRANTED; the motion to combine is DENIED.**

This is an appeal of a determination by the City of Essex Junction Administrative Officer (AO) declining to enforce the City of Essex Junction's Land Development Code (LDC) prohibition on Cannabis Cultivation, as that term is defined by the LDC, against Jason Struthers for operating a licensed outdoor cannabis cultivation operation at his property located at 8 Taft Street, Essex Junction, Vermont (the Property). Neighboring landowners Sharon and Stephen Wille Padnos (Neighbors) appealed the AO's decision to the City of Essex Junction Development Review Board (DRB) which upheld the AO's determination. Neighbors appealed the DRB's decision to this Court on November 3, 2023.

In this, and another related docket regarding separate agricultural activities at the Property, the parties moved for partial summary judgment. In a decision dated August 7, 2024, this Court granted summary judgment in favor of Mr. Struthers regarding those separate agricultural activities and denied Neighbors' motion for summary judgment on the issue of cannabis cultivation. In re Taft Street Appeals, Nos. 23-ENV-00120, 24-ENV-00003 (Vt. Super. Ct. Envtl. Div. Aug. 7, 2024) (Walsh, J.)

(hereinafter the August 7 Decision). Relevant to the pending motion, the Court explained that 7 V.S.A. § 869(f)(2) precludes the City from limiting outdoor cannabis cultivation to certain zoning districts. Id. at 11–12. However, because Mr. Struthers did not move for summary judgment with respect to cannabis cultivation, the Court provided notice and opportunity for all parties to respond to this discrete issue. Id. at 12. Presently before the Court is Mr. Struthers's motion for summary judgment on the cannabis cultivation issue in Docket 23-ENV-00120.

In this matter, Mr. Struthers is represented by A.J. LaRosa, Esq. and Megan T. Nelson, Esq. Neighbors are represented by William B. Towle, Esq. The City is represented by Claudine C. Safar, Esq., but did not weigh in on the present motion.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). In determining whether there is any dispute over a material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Undisputed Material Facts

We recite the following factual background and procedural history, which we understand to be undisputed unless otherwise noted, based on the record now before us and for the purpose of deciding the pending motion. The following are not specific factual findings relevant outside the scope of this decision on the pending motion. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14 (citing Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.)).

1. Jason Struthers owns property located at 8 Taft Street, Essex Junction, Vermont (the Property).

2. Mr. Struthers operates a commercial cannabis growing operation at the Property through his company, Trichome VT, LLC.

3. Trichome VT, LLC has an Outdoor Tier 1 Cultivator's License, as issued by the Vermont Cannabis Control Board.

4. The Property is located in the R-1 Zoning District pursuant to the City of Essex Junction's Land Development Code (LDC).

5.   Cannabis Cultivator Establishments are not listed as a permitted or conditional use within the R-1 Zoning District.

## Discussion

Title 7, Section 869 states, in relevant part, that a licensed outdoor cultivator shall "not be regulated by a municipal bylaw . . . in the same manner that Required Agricultural Practices are not regulated by a municipal bylaw under 24 V.S.A. § 4413(d)(1)(A)." 7 V.S.A. § 869(f)(2).  As explained in the Court's August 7 Decision with respect to Required Agricultural Practices (RAPs), 24 V.S.A. § 4413(d)(1) precludes municipalities from interfering with RAP-regulated farming and from prohibiting such farming activities in certain zoning districts.  See Taft Street Appeals, Nos. 23-ENV-00120, 24-ENV-00003 slip op. at 10 (Aug. 7, 2024) (Walsh, J.).[1]  Thus, 7 V.SA. § 869, by extension and direct citation to 24 V.S.A. § 4413(d)(1)(A), necessitates the same result as it relates to licensed outdoor cannabis cultivators: a municipality may not constrain licensed outdoor cultivators to certain zoning districts.[2]  Id.

Neighbors argue that the Court's interpretation of 7 V.S.A. § 869(f) contravenes the legislative intent of this provision.[3]  While the Court concludes that the plain meaning of 7 V.S.A. § 869(f) is clear and unambiguous, we find additional support for our interpretation by looking to the legislative

---

[1] Neighbors' opposition to the present motion dedicates 12 pages to challenging the Court's prior conclusions as to the meaning of 24 V.S.A. § 4413(d)(1)(A).  Those conclusions were directly relevant to separate agricultural activities at the Property and informed the Court's analysis under 7 V.S.A. § 869.  Neighbors ignore the Court's specific directive in the August 7 Decision not to reargue the applicability of § 4413.  See In re Taft Street Appeals, Nos. 23-ENV-00120, 24-ENV-00003 slip op at 12 (Aug. 7, 2024) (Walsh, J.) (explaining that in filing supplemental memorandum on the applicability of 7 V.S.A. § 869(f), the parties are not to "relitigate the issue of whether 24 V.S.A. § 4413(d)(1)(A) applies to Appellant's duck farming operations.").  Therefore, we decline to consider Neighbors' extensive briefing on how the Court misunderstands the meaning of 24 V.S.A. § 4413(d)(1)(A).

[2] As explained in the August 7 Decision, 7 V.S.A. § 869(f)(2) only applies to outdoor cannabis cultivators and does not extend to other types of cannabis establishments such as indoor cultivators, product manufacturers, wholesalers, and retailers.

[3] In making this argument, Neighbors point to a recently enacted, but not yet effective, statutory provision which contemplates that a municipality may decide to create Cannabis Cultivation Districts through land use bylaws to indicate where outdoor cannabis cultivation is preferred.  2024, No. 166, § 17.  The provision goes on to state that "[c]ultivation of cannabis within a cannabis cultivation district shall be presumed not to result in an undue effect on the character of the area."  Id.  Further, "the adoption of a cannabis cultivation district shall not have the effect of prohibiting cultivation of outdoor cannabis in the municipality."  Id.  Put simply, this provision, not yet effective, states that a municipality may pursue such a district, but is not obligated to.  Nor does this provision appear to override any aspect of § 869(f)(2) such that it would afford municipalities the opportunity to regulate licensed outdoor cannabis cultivation as Neighbors propose.  Even so, this recent development is not effective until January 1, 2025 and the City of Essex Junction currently has no such zoning district in the LDC.  Accordingly, we decline to consider the applicability of this provision at this time, because doing so would constitute an impermissible advisory opinion.  See In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 214 Vt. 587 (explaining that advisory opinions are those that have no conclusive, legal effect).

history of § 869. See <u>Flint v. Dept. of Labor</u>, 2017 VT 89, ¶ 5, 205 Vt. 558 (explaining that courts may look to legislative history if the plain language of a statute is unclear or ambiguous). Section 869(f) first became law through passage of Act 158 of 2022. The 2022 version of § 869(f) is different from the statute which is effective today and initially only applied to small licensed cultivators who "initiate[] cultivation of cannabis outdoors on a parcel of land that was subject to the Required Agricultural Practices prior to licensed cultivation of cannabis. . ." 2022, No. 158, § 2. This provision was later amended by Act 65 of 2023, which broadened the exemption to apply to all licensed outdoor cultivators regardless of size or whether the parcel was previously subject to the RAPs. 2023, No. 65, § 6.

The 2023 amendment to 7 V.S.A. § 869 was added by the Senate Agriculture Committee in a draft bill dated April 13, 2023. That same day, Deputy Chief Legislative Counsel Michael O'Grady explained to the committee that "currently small cultivators are not regulated as farming, but they are provided with some of the regulatory benefits of farming. Specifically . . . they are not regulated by a municipal bylaw under 24 V.S.A. chapter 117." Statement of Michael O'Grady on H.270 to Senate Agriculture Committee (April 13, 2023). Attorney O'Grady continued to explain that the proposed 2023 amendment extended the 2022 regulatory benefit to all licensed outdoor cultivators. <u>Id</u>. Attorney O'Grady, along with Agriculture Chair Senator Robert Starr, later testified on the same proposed 2023 amendment before the Senate Committee on Economic Development, Housing and General Affairs in which they explained how the 2023 bill expanded the regulatory exemptions for outdoor cultivators. While these statements are not binding on the Court's interpretation of 7 V.S.A. § 869(f)(2), we find these comments helpful in confirming that the legislative intent behind this provision was to exempt licensed outdoor cultivators from zoning regulation. See <u>In re Hinsdale Farm</u>, 2004 VT 72, ¶¶15–16, 177 Vt. 115 (citing committee testimony to ascertain legislative intent).

Here, it is undisputed that Mr. Struthers has obtained an Outdoor Tier 1 Cultivator license from the Cannabis Control Board. Accordingly, the City of Essex Junction may not enforce a prohibition on cultivator establishments against Mr. Struthers, because doing so would violate 7 V.S.A. § 869(f)(2). Neighbors have not offered an alternative reasonable interpretation of this provision that would allow for regulation of the use. We therefore **GRANT** summary judgment for Mr. Struthers on this issue, which resolves the remaining questions before the Court.

Lastly, we address Neighbors' renewed motion to consolidate these proceedings. This Court lacks power or authority to CONSOLIDATE multiple appeals, but we may COORDINATE dockets pursuant to V.R.E.C.P. Rule 2(b) (entitled "Coordination of Proceedings"). On May 2, 2024, the Court

explained that it was unable to accommodate the parties' request to incorporate filings by reference across both dockets and directed the parties to file all pertinent motions, exhibits, etc. in both dockets. Accordingly, we **DENY** Neighbors' motion to consolidate.

This concludes the matters before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed August 29, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division