Vermont Superior Court
Filed 06/04/24
Rutland Unit

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04651

---

**Gondal Group of Motels Inc. v. Dawn Ellis et al**

---

## ENTRY REGARDING MOTION

Title:        Motion to Discontinue Pursuant to 12 V.S.A. 4773 and Order of Dismissal (Motion: 6)
Filer:        Kyle S. Clauss
Filed Date:   June 03, 2024

The court granted judgment to the plaintiff for possession of 15 Main Street, Apartment 6 in Fair Have, Vermont on May 14, 2024. In addition, judgment was entered for plaintiff in the amount of $2,100 for back rent. A writ of possession has been served on the defendant and is set to execute on June 6, 2024. Defendant paid the $2,100 into court on June 3, 2024, after being served with the writ of possession. Defendant has moved to discontinue the matter pursuant to 12 V.S.A. § 4773. Plaintiff opposes the motion, arguing that the writ of possession executed when it was served on defendant.

Pursuant to 12 V.S.A. § 4773, "[b]efore a writ of possession is executed, if the defendant pays into court all rent due through the end of the current rental period, including interest and the costs of suit, the action shall be discontinued." The question for the court is what does executed mean under this statute. "In construing a statute, our paramount goal is to discern and implement the intent of the Legislature." *Miller v. Miller,* 2005 VT 89, ¶ 14. When the intent of the Legislature is clear and unambiguous, the court interprets the statute according to the plain language of the statute. *Flint v. Dep't of Labor,* 2017 VT 89, ¶ 5. "Conversely, if the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Harris v. Sherman, 167 Vt. 613, 614, (1998) (mem.). In this case, the Legislature clearly intended execute to mean when a writ of possession is enforced, not when it is served. When the Legislature passed Act 101 in 2020, imposing a moratorium on eviction cases during the COVID-19 pandemic, the Legislature include the following language:

> (f) Writs of possession already issued.
>     (1) A writ of possession that was issued by a court prior to the effective date of this act is stayed as of the start date of the emergency period and resumes running when the Governor terminates the state of emergency by declaration.
>     (2) If a writ of possession was issued but not executed prior to the

effective date of this act, then after the Governor terminates the state of emergency by declaration:

> (A) the plaintiff shall serve or serve again the writ to the defendant; and
>
> (B) the plaintiff shall be restored to possession not sooner than 14 days after service.

The key language is (f)(2)(A), which states "If a writ of possession was issued by not executed … the plaintiff shall serve or **serve again** the writ to the defendant." (emphasis added). This language makes clear that the term executed under 12 V.S.A. § 4773 means enforcement, not service.

Defendant's motion to vacate and discontinue is GRANTED.

<u>Order</u>

1. The writ of possession is VACATED.
2. The action is dismissed pursuant to 12 V.S.A. § 4773.
3. The funds held in escrow at court shall be dispersed to the plaintiff.

Electronically signed on June 4, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge