Filed 07/30/25

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01081

| Crestmark Inc. v. Thomas Tuliper et al |
| --- |

## DECISION ON MOTION

This is an ejectment action brought by Crestmark, Inc. against Thomas Tuliper and Debra Gvoth. Defendant Debra Gvoth has filed a motion to dismiss pursuant to V.R.C.P. 12(b)(1) and 12(b)(6) on grounds that a landlord must properly terminate a lease agreement before an action for ejectment of a tenant may lie, and the Plaintiff did not do so in this instance because it failed to provide defendant with "actual notice" of termination as required by 9 V.S.A. §§ 4467(a) and (b)(2). For the reasons stated below, the motion is GRANTED.

### Standard of Review

Defendant has moved to dismiss pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). In determining a 12(b)(1) motion, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Such motions shall not be granted "unless it appears beyond doubt that there exists no facts or circumstances that would entitle the plaintiff to relief." *Murray v. City of Burlington,* 2012 VT 11, ¶ 2. The same standard applies to motions under V.R.C.P. 12(b)(6). *Id.* In accepting factual allegations a true, courts are "not required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 10. This court is also mindful of the Vermont Supreme Court's admonishment that "[m]otions to dismiss for failure to state a claim are disfavored and are rarely granted." *Id.,* ¶ 5.

### Factual Allegations

Plaintiff is a Vermont corporation that owns real property located at 45 Maddison Street in Rutland, Vermont. In 2000, the Defendants entered into a written lease agreement with Plaintiff to rent apartment 3-C at the property. A renewed rental agreement was entered into on March 31, 2011. The agreement called for Defendants to pay monthly rent.

On December 4, 2024, Plaintiff issued a notice of termination for failure to pay rent and for a no cause eviction. The notice required Defendants to vacate no later than January 15, 2025 for failure to pay rent and no later than February 15, 2025 for no cause. On December 12, 2024, this notice was hand delivered to Kevin Tuliper, a person of suitable age at the Defendants' dwelling house and usual place of abode. The Defendants maintained possession of the apartment after the termination dates.

## Analysis

Plaintiff brought this action pursuant to the ejectment statute, 12 V.S.A. § 4851. *See* 9 V.S.A. § 4468 (granting landlords an action for possession "under 12 V.S.A. chapter 169, subchapter 3" if tenant remains in possession after termination of the lease). The legal relationship between landlords and tenants is governed by the Residential Rental Agreements Act ("RRAA"), 9 V.S.A. §§ 4451-68. Plaintiff sought to terminate defendant's lease under two provisions of the RRAA, 9 V.S.A. §§ 4467(a) and (c), pertaining to non-payment of rent and no cause. Both section 4467(a) and section 4467(c) require a landlord seeking to terminate a rental agreement to provide the tenant with actual notice of termination. The ejectment statute is also clear that it "allows an action for possession where the former lessee 'holds possession of the demised premises without right, after the termination of the lease.'" *Andrus v. Dunbar,* 2005 VT 48, ¶ 9 (mem.).

Thus, a landlord must first terminate the tenancy in a manner specified by law—i.e., with actual notice—before the landlord can bring an ejectment action. *See Andrus,* 2005 VT 48, ¶¶ 9-10. The requirement that a tenancy must be properly terminated through clear notice is "rooted in the principle that the tenant cannot be put in the position of having to speculate on the meaning and legal effect of the landlord's actions." *Id.* at ¶ 13; *cf. also* 4A A.N. Steinman, *Federal Practice & Procedure Civil* § 1095 (4th ed., June 2024 update) ("Historically, the usual and most effective method of service [of process] has been by personal delivery . . . This procedure avoids any question as to whether the defendant has received notice of the suit[.]").

Defendant has moved to dismiss the action, arguing she did not receive actual notice of the termination of his tenancy.[1] The Vermont Supreme Court has made clear that in ejectment actions, courts "have been insistent upon the landlord's punctilious compliance with all statutory eviction procedures, including notice provisions." *In re Soon Kwon,* 2011 VT 26, ¶ 14 (citations and quotations omitted). "Actual notice" is defined as "receipt of written notice hand-delivered or mailed to the last known address. A rebuttable presumption that the notice was received three days after mailing is created if the sending party proves that the notice was sent by first-class or certified U.S. mail." 9 V.S.A. § 4451(1). Plaintiff hand delivered the notice of termination to a person of suitable age at the Defendants' usual place of abode, but not the Defendants directly. The question for the court is whether "hand-delivered" under 9 V.S.A. § 4551(1) only allows hand delivery to the tenants or whether it allows hand delivery to a person of suitable age at the Defendants' usual place of abode similar to V.R.C.P. 4(d)(1).

"In construing a statute, our paramount goal is to discern and implement the intent of the Legislature." *Miller v. Miller,* 2005 VT 89, ¶ 14. When the intent of the Legislature is clear and unambiguous, the court interprets the statute according to the plain language of the statute. *Flint v. Dep't of Labor,* 2017 VT 89, ¶ 5. "Conversely, if the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." *Harris v. Sherman,* 167 Vt. 613, 614, (1998) (mem.). The definition of "actual notice" has a very narrow definition. *In re Soon Kwon,* 2011 VT 26, ¶ 18. A defendant may receive written notice of termination in myriad ways; however, a defendant only receives "actual notice" if the notice is either hand-delivered or mailed. 9 V.S.A. § 4551(1). The language of the statutory definition of "actual notice" is clear and unambiguous.

---

[1] Defendant invokes both Rule 12(b)(1) and Rule 12(b)(6), but the Vermont Supreme Court in *Andrus* appeared to construe a tenant's motion to dismiss, arguing insufficient notice of lease termination, as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* 2005 VT 48, ¶ 10 ("We agree generally with tenant without resting our decision on jurisdictional grounds.").

"Hand-delivery" requires that an individual personally receive a document physically in hand, from another individual. Section 4467 requires the landlord to provide "actual notice to the tenant." 9 V.S.A. § 4467(a) and (c). Rule 4(d)(1) of the Vermont Rules of Civil Procedure provides that:

> Personal service within the state shall be made . . . [u]pon an individual by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Critically, the Rule allows personal service by either delivering a copy to the person in hand **or** by leaving copies with a person of suitable age at the person's dwelling house or usual place of abode. The Rule specifically authorizes alternatives. The RRAA, however, requires actual notice be provided to the tenant. By its plain language, if a landlord chooses to provide actual notice by hand delivery, it must be to the tenant. It does not authorize hand-delivery to a person of suitable age at the tenant's dwelling house or usual place of abode.

The court presumes that when the Legislature enacting the RRAA—which occurred in 1985 and well after Rule 4(d)(1)'s promulgation—the Legislature did so with awareness of the alternatives to personal service under Rule 4. *See In re Town of Killington*, 2003 VT 87A, ¶ 13, 176 Vt. 60 (courts must assume the Legislature passes and amends "more topically focused" statutes with knowledge of pre-existing rules of court procedure that have "more general application"). If the Legislature intended actual notice to be consistent with personal service under V.R.C.P. 4(d)(1), it would have done so. Instead, it specifically required the landlord to provide actual notice to the tenant and did not authorize service on a third party.

Here, Defendants' tenancy was not properly terminated because they were not provided actual notice of their termination, either by hand-delivery of the notice or by mailing of the notice. As such, Plaintiff was not entitled to commence this action and the case must be dismissed. *Andrus,* 2005 VT 48, ¶¶ 9-10.

### Order

Defendant's motion to dismiss is GRANTED. The rent escrow order, the partial judgment order, and the writ of possession are hereby VACATED. Defendant's remaining motions are MOOT.

Electronically signed on July 30, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge