Filed 08/18/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00682

| The Fucci Company, Inc v. Sheila Taggart |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss; Motion for Summary Judgment ;  (Motion: 1; 2)
Filer:        Francesca Bove; Daniel C. Schmidt
Filed Date:   June 13, 2025; June 13, 2025

This is an ejectment action brought by The Fucci Company, Inc. against Sheila Taggart. Defendant filed a motion to dismiss due to Plaintiff not including both a Notice of Occupancy and Certification under the federal Violence Against Women Act (VAWA) when she was served with her termination of tenancy. Plaintiff is represented by Attorney Francesca Bove and Defendant is represented in a limited capacity by Attorney Daniel Schmidt. For the following reasons, the motion is GRANTED.

### Standard of Review

Defendant has moved to dismiss pursuant to V.R.C.P. 12(b)(1) and 12(b)(6). In determining a 12(b)(1) motion, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). Such motions shall not be granted "unless it appears beyond doubt that there exists no facts or circumstances that would entitle the plaintiff to relief." *Murray v. City of Burlington,* 2012 VT 11, ¶ 2. This court is also mindful of the Vermont Supreme Court's admonishment that "[m]otions to dismiss for failure to state a claim are disfavored and are rarely granted." *Colby v. Umbrella, Inc.,* 2008 VT 20, ¶ 5.

### Factual Allegations

The facts in this case are not in dispute. Plaintiff owns real property known as 10 Regency Manor, which provides subsidized housing through the United States Department of Housing and Urban Development. The Defendant leases Apartment 10-4 from the Plaintiff through a written lease agreement. Plaintiff mailed a Notice of Termination to Defendant on November 6, 2024, with a termination date of January 31, 2025. Plaintiff provided Defendant with the VAWA Certification with the Notice of Termination, but failed to provide her with the VAWA Notice of Occupancy with the Notice of Termination. Plaintiff is a "covered housing provider" under VAWA.

<u>Analysis</u>

Plaintiff brought this action pursuant to the ejectment statute, 12 V.S.A. § 4851. *See* 9 V.S.A. § 4468 (granting landlords an action for possession "under 12 V.S.A. chapter 169, subchapter 3" if tenant remains in possession after termination of the lease). The legal relationship between landlords and tenants is governed by the Residential Rental Agreements Act ("RRAA"), 9 V.S.A. §§ 4451-68. Plaintiff sought to terminate defendant's lease under 9 V.S.A. § (b)(1), pertaining to a breach of a material lease. A landlord must terminate the tenancy in a manner specified by law before the landlord can bring an ejectment action. *See Andrus,* 2005 VT 48, ¶¶ 9-10.

Federal regulations require that "[a] covered housing provider must provide to each of its applicants and to each of its tenants the notice of occupancy rights and the certification form" to a "tenant no later than at least each of the following times: … [w]ith any notification of eviction." 24 C.F.R. § 5.2005. "In construing a statute, our paramount goal is to discern and implement the intent of the Legislature." *Miller v. Miller,* 2005 VT 89, ¶ 14. When the intent of the Legislature is clear and unambiguous, the court interprets the statute according to the plain language of the statute. *Flint v. Dep't of Labor,* 2017 VT 89, ¶ 5. "Conversely, if the statute is ambiguous, we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." *Harris v. Sherman,* 167 Vt. 613, 614, (1998) (mem.). Furthermore, the court presumes "all language in a statute or regulation is inserted for a purpose." *In re Miller,* 2009 VT 36, ¶ 14 (citations and quotations omitted).

In this case, the pertinent language is that the Notice and Certification "must be provided to an applicant or tenant no later than at *each* of the following times: … (iii) With any notification of eviction or notification of termination of assistance; and…" 24 C.F.R. 5.2005(a)(2) (emphasis added). The regulation plainly requires both the Notice and the Certification be provided with a Notice of Termination. The use of the term "each" in conjunction with four distinct times clearly and unambiguously require both the Notice and Certification to be provided together at each distinct time. Plaintiff failed to provide Defendant with Notice of Occupancy with the Notice of Termination in violation of the VAWA regulations.

As noted by the Vermont Supreme Court, "[w]ith respect to the termination of residential leases, we have followed the trend in other jurisdictions to require punctilious compliance with all statutory eviction procedures, including notice requirements." Plaintiff did not properly terminate Defendant's tenancy. As such, Plaintiff was not entitled to commence this ejectment action and Defendant's motion must be granted.

<u>Order</u>

Defendant's motion to dismiss is GRANTED.  Plaintiff's motion for summary judgment is MOOT.  Plaintiff's request for leave to refile without an additional filing fee is denied as there is no basis to grant such relief.

Electronically signed on August 13, 2025 pursuant to V.R.E.F. 9(d)

_____
Alexander N. Burke
Superior Court Judge